# IVINSON *v.* ALSOP.

PRACTICE—PROCEEDINGS IN ERROR.—It is the well established and invariable rule of the supreme court, that in proceedings before it in error, the record or transcript must contain all the material evidence given in the court below and bearing upon any question relied upon by the plaintiff in error.

MOTION FOR NEW TRIAL.—The record must also show that a motion for a new trial was made in the court below, raising all matters of errors and exceptions (upon which plaintiffs in error relied), and the motion overruled.

IDEM.—The evidence and motion for a new trial must be contained in the bill of exceptions. The bill must be signed within the time limited by law. The defect cannot be remedied and a motion to strike the petition in error from the files and to affirm the judgment of the district court will be sustained.

ERROR to the Second District Court of Carbon County.

This cause was decided on a motion of defendant in error to strike the petition in error from the files and to affirm the judgment of the district court, for the reason that fatal defects appeared in the record. A further statement of the case is contained in the opinion.

*E. P. Johnson,* for defendant in error, moves to affirm the judgment and proceedings of the court below without looking into the record further than to see that it presents no case for review:

I. Because the petition in error does not assign errors and present them for review in the manner required by law and the rules of this court. The petition is unaccompanied with a transcript of the proceedings sought to be reviewed. After the petition was filed, what purported to be a transcript was filed without leave, which does not in any manner comply with the rules of this court. The rules of court when adopted become part of the law governing the practice, which the court is bound to enforce as any other law. In absence of transcript and such transcript as is required, judgment should be affirmed: Laws of Wyoming, 1869, 685,

686; Supreme Court, Rule 7; Laws of 1873, p. 124, secs. 685-6; *Dunham* v. *Benedict,* 1 Green, 74; *State* v. *Bond,* 2 Nev. 265.

II. All presumptions are in favor of the correctness of the proceedings of the court below. They will be presumed correct and right until error is affirmatively shown by the record: Powell on App. Proc. 125, sec. 17, 193, 200; *Court-wright* v. *Staggers,* Ohio St. 511; *Spurs* v. *Fortner,* 6 Iowa, 553; *Mackner* v. *Bemer,* 1 Green. 157; *Stockton* v. *City of Burlington,* 4 Green. 84.

III. By reason of the foregoing premises it will be seen that the court cannot go into the record and review proceedings unless the record contains all the proceedings. It cannot determine that the court erred in its instructions, unless the evidence be presented to enable the court to see whether the questions arose in the case and whether correctly or incorrectly presented. So one instruction standing alone as an abstract proposition, may appear to be erroneous without the modification of the other instructions, and if they are not presented in the record as well as the evidence upon which the instructions or rulings were based, then the presumption will be that there was evidence to sustain it, or that all the instructions together correctly presented the law, hence the necessity that the transcript contain the evidence and instructions and all of them. This transcript does not embrace a single word of testimony, or a single instruction as given by the court: Powell on App. Proc. 125 to 128 inclusive, 142 and 200; *Russell* v. *Ely,* 2 Black. 575; *Fuller* v. *Rubley,* 10 Grey, 285; *Ide* v. *Churchill,* 14 Ohio St. 372; *Youmans* v. *Caldwell,* 4 Ohio St. 72; *Evert* v. *The State,* 14 Ohio, 386; 1 Neb. 398; 44 Ill. 124; 2 Barc. Dig. 395; 1 Ill. Dig. page 247, sec. 50; *Horton* v. *Peacock,* 1 Wyoming.

IV. It is equally necessary that the record should present the evidence and instructions in full, as well as all questions in dispute, to show the appellate court affirmatively not only that error actually exists in the record but also that the

error was material and injurious to the party complaining, for a judgment will not be reversed simply because there is error in the record, if upon a review of the whole record the judgment appears to be right and just. The court cannot determine whether the error was injurious to the party complaining on a review of the whole record, unless the whole record is before the court containing sufficient of the proceedings to enable the court to determine that fact: Nash. Pl. and Pr. 689; Powell on App. Proc. 189; *Courtwright* v. *Staggers*, 15 Ohio St. 511; *Spurs* v. *Fortner*, 6 Iowa, 553; *McDougal* v. *Flemming*, 4 Ohio, 388.

*J. W. Kingman and W. W. Corlett*, for plaintiff in error.

By the Court, THOMAS, J.: This is an action in replevin brought by said Ivinson against said Alsop, in the district court of the second judicial district of the territory of Wyoming, sitting for the county of Albany, to recover the possession of four hundred head of cattle and one hundred and forty head of horses, all of the alleged value in the aggregate of the sum of ten thousand dollars.

The amended answer of the defendant contains a denial of the wrongful detention of said property, and averments that said property belonged to the defendant as assignee in bankruptcy of the estate of the late firm of H. Latham & Co., and that as such assignee he had sustained damage to the amount of ten thousand dollars by reason of the seizure of said property under the writ of replevin herein. The venue was changed by an order of court on application of defendant, from Albany county to the county of Carbon, and was tried, before Chief Justice Fisher and a jury, December 12, 1874.

The court ordered the jury to find for the defendant, and his damages were assessed by said jury at seven thousand three hundred and twenty-nine dollars and seven cents. A motion for a new trial was then made and overruled but was not incorporated in the bill of execution, and judgment was

ordered upon said verdict. It is now sought by the plaintiff to have the case reviewed in this court upon a writ of error, while the defendant in error moves to have the judgment affirmed for reasons of defects in the record.

The record in this case of the proceedings in the court below is not sent to this court in accordance with those rules of practice which have long been settled and established.

1. The transcript or record in this case was made up and filed in violation of the rules and decisions of this court in reference to practice therein; and which are in substance, that all evidence to or bearing upon the exceptions relied on by the plaintiff in error shall be set out in the record fully and specifically, and if instructions of the court are complained of, the instructions and all of the same must also be set forth *verbatim et literatim.*

2. Rule V of the supreme court of the territory provides as follows: "No case will be heard in court unless a motion for a new trial shall have been made in the court below, in which all matters of errors and exceptions have been presented, argued, and the motion overruled." In the suit before us the motion for a new trial was not incorporated in the bill of exceptions, and such bill does not contain any exception to the order overruling the motion for a new trial.

3. The record of the district court was not filed with the petition in error, but was filed several days thereafter with the clerk of the court, and without the permission of the court, whereas section 516 of the civil code of this territory provides that: "the plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be revised, vacated or modified." Permission was subsequently given the plaintiff in error by the court to have such transcript amended, but the question was then neither raised nor decided as to the propriety of filing the transcript without permission several days after filing the petition in error.

For the reasons above mentioned, especially those con-

tained under the first head of this opinion, it is impossible for this court to review in a proper and intelligent manner the proceedings of the district court.   On many of the important questions in the petition in error, none of the testimony of witnesses whatever is given, and on the others the record is so defective, that although an attempt appears to have been made to return the evidence, the court cannot fully or sufficiently inform itself as to the rulings and decisions of the lower court upon the points complained of as error.  Neither are those portions of the judge's charge to which exceptions are taken set forth in accordance with the rules of court nor in a manner that it can advisedly pass upon the same.

The judgment of the district court is therefore affirmed.